NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-743

VIJAY BASANI & another[1]

vs.

CYGILANT, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a dispute between the defendant corporation, Cygilant, Inc. (Cygilant), and two minority shareholders over the management and direction of the company and Cygilant's efforts to raise outside capital.  The plaintiff minority shareholders, Vijay Basani and Jayapal Basani, as trustee of the Reddy Family Living Trust, are the original founders of Cygilant, which they started in 2003 to develop and market cyber security software services.  They brought this action in July 2021 alleging that Cygilant had violated certain contractual rights owed to them.  Cygilant counterclaimed,

_____

[1] Jayapal Basani, as the trustee of the Reddy Family Living Trust.

alleging that the Basanis had violated fiduciary duties owed to the company.  The Basanis filed a motion to dismiss Cygilant's counterclaim with prejudice, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), on the ground that as minority shareholders they owed no fiduciary duties to Cygilant.  The motion to dismiss was allowed by a judge of the Superior Court. The judge also denied Cygilant's motion to amend its counterclaim.[2]  At the Basanis' request, their claims were dismissed without prejudice so that the Basanis could pursue those claims in a related action in Delaware.[3]  A final judgment of dismissal entered on April 11, 2023.  Thereafter, Cygilant filed a motion for reconsideration, which was denied on May 19, 2023.

---

[2] The judge described Cygilant's motion to amend its counterclaim as "futile" because "the more detailed factual allegations in [the] proposed amended counterclaim [did] not plausibly suggest that the Basanis ever exercised any control over Cygilant's planned refinancing, without which the Basanis would not owe the company a fiduciary duty under Delaware law." Although the judge denied the motion to amend, he analyzed the allegations set forth in both the counterclaim and the proposed amended counterclaim in reaching his conclusion.  We do the same.  However, we do not consider "legal conclusions cast in the form of factual allegations."  Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 n.6 (2009).  Stripped of such conclusions, the amended counterclaim still relied on facts associated with the Basanis' exercise of their contractual rights.  Accordingly, Cygilant's motion to amend was properly denied.

[3] Accordingly, this appeal does not concern any issues with respect to the Basanis' claims.

Cygilant appeals, arguing that (1) the motion judge erred in concluding that Cygilant did not plead facts showing that the Basanis were controlling shareholders who owed the company fiduciary duties and (2) to the extent Cygilant's counterclaim should have been dismissed, the judgment of dismissal should have been without prejudice.  We affirm.

Background.  In reviewing the judgment of dismissal, we accept as true the well-pleaded facts as alleged by Cygilant in support of its counterclaim and draw all reasonable inferences in Cygilant's favor.  See Shaw's Supermkts., Inc. v. Melendez, 488 Mass. 338, 339 (2021).  The Basanis founded Cygilant in 2003 and managed its operations until 2019, at which time they agreed to separate from the company as officers or directors but remained shareholders, holding 28.14 percent of Cygilant's series 1 preferred stock.  To protect their interests as minority shareholders, the Basanis received "enhanced controls and protections" that were set forth in their stock purchase agreement and various corporate documents.  These protections gave the Basanis the right to obtain information from the company, approve debt financing, approve equity financing, and avoid the dilution of their stock, among other things.

In 2020, Cygilant needed additional operating capital but was unable to obtain traditional debt financing.  Consequently, Cygilant decided to try to obtain equity financing by offering

3

additional shares of the series 1 preferred stock and, as part of that process, asked the Basanis to waive some of their protections. In response, the Basanis demanded information from Cygilant "under the guise of 'due diligence.'" Cygilant provided some information, but the Basanis asserted that the information provided was insufficient. Cygilant alleged that the Basanis acted out of self-interest by not waiving their contractual rights and by requiring Cygilant to produce irrelevant information. Ultimately, the Basanis proposed that Cygilant raise additional equity financing to buy them out. Cygilant declined to do so[4] and, instead, obtained debt financing at premium rates.

Discussion. We review de novo the allowance of a motion to dismiss for failure to state a claim. See Shaw's Supermkts., Inc., 488 Mass. at 339. The parties agree that the primary issue is whether Cygilant pleaded facts showing that the Basanis were controlling shareholders who owed the company fiduciary duties. The parties, and the judge, agreed that since Cygilant is a Delaware corporation, this issue must be resolved under Delaware law. Under Delaware law, a shareholder owes fiduciary duties to the corporation and other shareholders "if [the

---

[4] Cygilant alleged that "[t]he company needed any further investment for its operations and growth, not to line [the] Basanis' pockets."

4

shareholder] owns a majority interest in or exercises control over the business affairs of the corporation" (quotation, emphasis omitted). Kahn v. Lynch Communication Sys., Inc., 638 A.2d 1110, 1113 (Del. 1994). Thus, for a minority shareholder to owe fiduciary duties, that minority shareholder must exercise "actual control" (quotation omitted). Id. at 1114. A shareholder who does not exercise actual control as a general matter but who exercises actual control over a particular transaction owes fiduciary duties for that particular transaction. See, e.g., id. at 1114-1115. However, the exercise of contractual rights, without more, does not amount to the exercise of actual control. See In re KKR Fin. Holdings LLC Shareholder Litigation, 101 A.3d 980, 992-994 (Del. Ch. 2014).

Cygilant's allegations show nothing more than the Basanis' exercise of their contractual rights. As alleged, the Basanis received certain contractual rights to protect their interests as minority shareholders when they agreed to step down from operating the company. As alleged, the Basanis then exercised some of those contractual rights when Cygilant decided to try to obtain equity financing by offering additional shares of the series 1 preferred stock. While Cygilant's "pre-existing contractual obligations with [the Basanis] . . . constrain[ed] the business or strategic options available to [Cygilant]," In

5

re KKR Fin. Holdings LLC Shareholder Litigation, 101 A.3d at 994, they do not show that the Basanis exercised actual control.

While Cygilant argues that it pleaded other factors showing that the Basanis exercised actual control, we are not persuaded. Cygilant argues that the Basanis "misused" their contractual rights for their unilateral benefit and that the Basanis' requests for information amounted to "harassment." These arguments go to the fact that Cygilant objected to how the Basanis exercised their contractual rights, but their alleged manner of exercising those rights does not establish the sort of "other factors" demonstrating actual control, such as a minority shareholder's control or influence of the board, that are present in the cases on which Cygilant relies.

Lastly, Cygilant has not advanced any persuasive reason why the judgment of dismissal should have been without prejudice. Cygilant argues that the parties are litigating a related case in Delaware, see note 2, supra, and that the judgment of dismissal with prejudice "could affect other arguments and defenses that Cygilant has in Delaware" as a result of claim preclusion. As the motion judge explained, if Cygilant thinks it has arguments and defenses "that are not properly precluded by the dismissal of its breach of fiduciary duty counterclaim . . . it will need to make that argument in the jurisdiction where it seeks to assert [those arguments and

6

defenses].  But Cygilant is and should be bound by the rules of claim preclusion if and when it does so."

<u>Judgment affirmed</u>.

<u>Order denying motion for
   reconsideration affirmed</u>.

By the Court (Vuono,
   Massing & Toone, JJ.[5]),

Assistant Clerk

Entered:  June 4, 2024.

---

[5] The panelists are listed in order of seniority.